UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Alvin Gonzalez,<br><br>                    Plaintiff,<br><br>     -against-<br><br>The City of New York; Joseph Morovich, in his individual capacity; Harry Arocho, in his individual capacity; and John Does 1-8, each in their individual capacity;<br><br>                    Defendants. | ECF CASE<br><br>FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>13 Civ 7850 (WHP) |

## PRELIMINARY STATEMENT

1.      This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 for the Defendants' commissions of acts under color of law in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

## JURISDICTION

2.      This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

3.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (4).

## VENUE

4.      Venue is proper pursuant to 28 U.S.C. § 1391 (b) in that , *inter alia*, the events

giving rise to this claim took place in the Southern District of New York.

## JURY DEMAND

5. The Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

6. Plaintiff ALVIN GONZALEZ is a resident of New York City. His is 53 years old and is currently in an in-patient drug rehabilitation program.

7. Defendant CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

8. The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, defendant NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

9. Defendants JOSEPH MOROVICH, HARRY AROCHO, and JOHN DOES 1-8 (collectively the "Individual Defendants") were at all relevant times herein police officers employed by the NYPD who were acting in their capacities as agents, servants, and employees

of the City.

10. The Individual Defendants are sued in their individual capacities.

11. At all times relevant herein, Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The Individual Defendants were acting for and on behalf of the City at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City and incidental to the lawful pursuit of their duties as officers, employees and agents of the City.

## STATEMENT OF FACTS

12. On July 8, 2011, at approximately 11:15 PM, Mr. Gonzalez was approached by two of the Individual Defendants, including Detective Morovich.

13. Detective Morovich grabbed Mr. Gonzalez by the shirt and began to search him.

14. Mr. Gonzalez placed several bags of heroin, which had been in his pocket, in his mouth.

15. Detective Morovich placed Mr. Gonzalez in handcuffs and threw him to the ground.

16. At some point, more officers arrived at the location where Mr. Gonzalez was now handcuffed on the sidewalk.

17. While Mr. Gonzalez was on the ground, Detective Morovich and the other Individual Defendants began to try to retrieve the heroin from inside Mr. Gonzalez's mouth.

18. During this time, Detective Morovich and the other Individual Defendants violently attacked Mr. Gonzalez, choking him, punching him, kicking him and hitting him with what appeared to Mr. Gonzalez to be night sticks and radios.

19. As a result of the officers' actions, Mr. Gonzalez suffered pain and physical injury.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the Individual Defendants
### Excessive Force

20. All other paragraphs herein are incorporated by reference as though fully set forth.

21. By their use of excessive force during their arrest of plaintiff, the Individual Defendants engaged under color of law in the violation of plaintiff's right under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from excessive force.

### SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the Individual Defendants
### Failure to Intervene

22. All other paragraphs herein are incorporated by reference as though fully set forth

23. Each of the Individual Defendants who were present and who did not participate in unconstitutional excessive force against plaintiff had a duty to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights.

24. These Individual Defendants failed to intervene on plaintiff's behalf to prevent the violation of his constitutional rights despite having been in the position and the opportunity to do so.

25. As a result of the aforementioned conduct of the defendant officers, plaintiff's constitutional rights were violated and he was subjected to excessive force and sustained physical injuries.

### THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the City of New York

26. All other paragraphs herein are incorporated by reference as though fully set forth.

27. Municipal liability for the violations of plaintiff's Fourth and Fourteenth Amendment rights rests upon the grounds set forth below.

28. At all times material to this complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

29. At all times material to this complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the Individual Defendants supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

WHEREFORE, the plaintiff requests that this Court:

1. Assume jurisdiction over this matter;

2. Award compensatory and punitive damages to plaintiff against the defendants, jointly and severally;

3. Award plaintiff reasonable costs, disbursements and attorney's fees; and

    4.      Grant any other relief the court deems appropriate.

Dated:      New York, New York
              May 10, 2014

                                      Respectfully submitted,

                                      /s/
                                      _____
                                      Darius Wadia, L.L.C.
                                      By:  Darius Wadia, Bar number DW8679
                                      Attorney for Plaintiff
                                      233 Broadway, Suite 2208
                                      New York, New York  10279
                                      dwadia@wadialaw.com
                                      (212) 233-1212/1216